UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES EDWARD JOHNSON, JR. | ) | |
| | ) | |
| v. | ) | No. 3:11-0944 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion To Vacate, Correct, Or Set Aside Sentence (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response to the Motion (Docket No. 18).

The Court has reviewed the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth below, the Court concludes that Petitioner's Motion To Vacate (Docket No. 1) is DENIED, and this action is DISMISSED.

The Petitioner has also filed a Motion For The Re-Appointment Of Counsel (Docket No. 2). The Motion is DENIED, as the Petitioner has failed to show that the "interests of justice" require such appointment. See 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255 (requests for appointment of counsel governed by 18 U.S.C. § 3006A); United States v. Mala, 7 F.3d 1058, 1064 (1st Cir. 1993).

Also pending before the Court are Petitioner's Motions For Immediate Hearing And Objection To Government's Leave (Docket Nos. 33, 34), in which he requests an immediate hearing on his Motion. For the reasons set forth herein, the Court finds that a hearing is not

required in this case. Accordingly, the Motions (Docket Nos. 33, 34) are DENIED.

## II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in an Indictment with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371 (Count One); two counts of access device fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and (a)(3) (Counts Two and Three); and aggravated identify theft, in violation of 18 U.S.C. § 1028A (Count Four). (Indictment (Docket No. 1 in Case No. 3:10-00171)). Named as Co-Defendants in the Indictment were David Clay Lyles, Jr., Aisha Garrison, Devin Leverett, Sr., Sylvester Knight, Jr., and James Watson. Id. Petitioner pled guilty to Counts Two and Four pursuant to a Plea Agreement, in which the Government agreed to dismiss Counts One and Three. (Docket Nos. 89, 90 in Case No. 3:10-00171).

The Court sentenced the Petitioner to a total term of 94 months of imprisonment, 24 months on Count Four consecutive to 70 months on Count Two. (Docket No. 145 in Case No. 3:10-00171).

## III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because he received the ineffective assistance of counsel, the Court erred in calculating his sentence, and he was not properly advised of the terms of his Plea Agreement.[1]

---

[1] As part of his pleadings, Petitioner has filed a second document entitled "Motion To Vacate, Correct Or Set Aside Sentence" (Docket No. 1, at p. 3 of 4) and a third document entitled "Supplemental to 28 U.S.C. § 2255" (Docket No. 1, p 4 of 4). These documents essentially restate the allegations made in the initial document and are addressed herein.

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[2] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778,

---

[2] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed all the files, records, transcripts and correspondence filed in the proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have

4

pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner's Motion alleges that counsel "misled and did not properly inform the petitioner of aiding and abetting 18 U.S.C. § 2." (Docket No. 1). Petitioner also alleges that counsel did not explain the amount of loss that would be attributed to him. Specifically, Petitioner alleges the following:

- Petitioner "was told that he would only be held accountable for the loss cause of (sic) him (Less than $50,000).

- Petitioner "was not informed that the 14 point enhancement from the base offense level of 6 was for 977 credit cards. That he did not plead, admit, or was proven."

- "The 977 credit cards represent $476,000.00 in losses that figure was not told" to him.

- He was "misled, and prejudiced for the misleading information, the hidden language in the agreement. i.e. (conspiracy and aiding and abetting). If the petitioner was properly informed, and knew that he would receive an enhancement for 400,000-500,000 in losses he would have proceeded to trial."

(Docket No. 1, at 1). The Petitioner does not provide any additional factual or legal support for these claims.

As set forth above, the Petitioner pled guilty to Count Two of the Indictment, which

charged access device fraud, in violation of 18 U.S.C. § 1029(a)(2), and Count Four, which charged aggravated identity theft, in violation of 18 U.S.C. § 1028A. (Docket No. 90, at p. 8 of 32; Docket No. 197, at 7-10 in Case No. 3:10-00171). Both counts also charged a violation of 18 U.S.C. § 2, which provides that one who "aids, abets, counsels, commands, induces or procures" or one who causes the commission of an offense "is punishable as a principal." At the change of plea hearing, the Court read the charges set forth in Counts Two and Four as well the applicable substantive statutes charged. (Docket No. 197, at 7-10 in Case No. 3:10-00171). The Petitioner indicated that he understood the nature, meaning and the cause of the charges. (Id., at 10).

Later at the change of plea hearing, the Court also explained that the parties had agreed that, under Sentencing Guideline Section 2B1.1, the base offense level was six, with 14 levels added for the amount of loss of more than $400,000, two levels added for relocating the fraudulent scheme to another jurisdiction, and four levels added because the offense involved 50 or more victims. (Docket No. 197, at 15; Docket No. 90, at 19 in Case No. 3:10-00171). The Court also explained that the parties disagreed about whether an additional two level enhancement for possession or use of device-making equipment would apply under that guideline. (Docket No. 197, at 15-16; Docket No. 90, at 20 in Case No. 3:10-00171). The Court also explained that the conviction on Count Four resulted in an additional mandatory 24 months. (Docket No. 197, at 16; Docket No. 90, at 21 in Case No. 3:10-00171). At sentencing, the Court determined that the two-level enhancement for possession or use of device-making equipment should apply, resulting in a base offense level of 25. (Docket No. 146, at 1 of 4; Docket No. 178, at 87-88 in Case No. 3:10-00171).

Petitioner does not state how counsel's alleged failure to explain aiding and abetting liability prejudiced him in the criminal case. As explained above, the offense level computations in the Plea Agreement, which the Petitioner signed, were based on an amount of loss of over $400,000. In addition, those computations were explained to the Petitioner at the change of plea hearing. Prior to sentencing, the Probation Office issued the Pre-Sentence Investigation Report, which specifically states that the loss attributed to the Petitioner was $488,500, based on 977 total access devices multiplied by $500 (as required by Application Note 3(F)(i)). (Docket No. 20, at ¶ 17 in 3:10-00171). At the sentencing hearing, the Petitioner raised no objection to that calculation. (Docket No. 178, at 97-99 in Case No. 3:10-00171).

Accordingly, Petitioner's claim that he was not told of the amount of loss for which he would be held accountable, or was told he would be held accountable for a loss of less than $50,000, is contradicted by the record, and is not credible. This claim is without merit.[3]

Petitioner also alleges that counsel told him that "he would get the 2 point enhancement for devise making equipment that he has no knowledge of" and that the enhancement was "based on hearsay evidence." (Docket No. 1, at 1). Through this allegation, Petitioner appears to argue that the two-point enhancement should not apply, and trial counsel was somehow ineffective because the enhancement was applied. Counsel strenuously argued against application of the enhancement at the sentencing hearing. (Docket No. 178, at 86-87 in Case No. 3:10-00171).

---

[3] The Government has filed the Declaration of Kathleen G. Morris (Docket No. 18-1), Petitioner's trial counsel, in which she disputes Petitioner's allegations. Attached to the Declaration is a letter from counsel to the Petitioner in which counsel explains the amount of loss and other calculations set forth in the plea offer made by the Government contrasted with the anticipated calculations if the Petitioner pled guilty to all counts without an agreement. The Petitioner has not disputed that he received counsel's letter, but the Court need not rely on the Declaration or the letter in reaching its decision.

Nevertheless, as explained at the sentencing hearing, the Court applied the two-point enhancement based on the testimony of Aisha Garrison that Co-Defendant Lyles and his wife used a machine to encode the credit cards used in the crime. (Docket No. 178, at 87-88 in Case No. 3:10-00171). The Court specifically found that this "jointly undertaken criminal activity" was "reasonably foreseeable to Mr. Johnson under the relevant conduct guideline, which is 1B1.3." (Id., at 88). The Petitioner has not suggested how counsel's challenge to application of the enhancement was defective, nor has he suggested any basis for overturning the Court's determination that it should apply. Accordingly, this claim is without merit.

None of the complaints raised by Petitioner demonstrate that counsel's representation was defective. Thus, the Court concludes that Petitioner's ineffective assistance claim is without merit and is dismissed.

C. Application of Relevant Conduct and Voluntariness of Guilty Plea

Petitioner seeks relief for the "incorrect application of total sentence." (Docket No. 1, at 1). Specifically, Petitioner alleges:

- He is "only responsible and plead (sic) to the loss of less than $50,000 (13,700 + 47 credit cards making him responsible for $40,500 $500 for each credit card)."
- He pled "to counts two and four of the indictment. There is not a conspiracy pleading, and . . . the implication of a conspiracy was crossed out of the plea agreement initialed all (sic) parties. . ."

(Docket No. 1, at 1).

As set forth above, Petitioner pled guilty to access device fraud, charged in Count Two, and aggravated identity theft, charged in Count Four. He did not plead guilty to the conspiracy

8

charge set forth in Count One. Nevertheless, at sentencing, Petitioner was held responsible for the entire fraudulent scheme involving 977 credit and debit cards used by him and his Co-Defendants as "relevant conduct" under Sentencing Guideline Section 1B1.3. (Pre-Sentence Investigation Report, at ¶¶ 6, 17 (Docket No. 20 in Case No. 3:10-00171)). Section 1B1.3 provides that a defendant's sentence is determined on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" and "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Based on this Section, the Petitioner need not plead guilty to a conspiracy count in order to be held responsible for the amount of loss caused by the entire jointly undertaken fraud scheme. Accordingly, Petitioner's allegation that he was improperly held accountable for all 977 cards is without merit.

To the extent Petitioner claims that this enhancement was hidden in the Plea Agreement, the Court is unpersuaded. The Plea Agreement specifically states the parties' estimate that a 14-level enhancement for the amount of loss would apply, which was based on the entire fraud scheme, as required by Sentencing Guideline Section 1B1.3. The Court explained these calculations at the change of plea hearing. Thus, the Petitioner was on notice that the 14-level enhancement could be applied at sentencing, and did not claim surprise that the enhancement was applied at sentencing as expected. Although the Petitioner states that he would have gone to trial if he had known he would be held responsible for such an amount of loss, he agreed to the offense level enhancement for that amount of loss and that amount of loss was applied at

sentencing. That the Petitioner now believes the enhancement should not have been applied does not render his guilty plea involuntary. This claim is without merit.

IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE